Kathryn L. Bain, State Bar No. 15496
BAIN MAZZA & DEBSKI LLP
10300 W. Charleston Blvd., Ste. 13-191
Las Vegas, NV 89135
Telephone: (702) 919-1090
Fax: (650) 763-3933
kbain@bmdlegal.com

Attorneys for Plaintiff
DECEMBER THOMAS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DECEMBER THOMAS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JEWISH FAMILY SERVICE AGENCY, a nonprofit corporation, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:24-cv-2295<br><br>**COMPLAINT FOR DAMAGES:**<br><br>　(1)　SEXUAL HARASSMENT<br>　(2)　SEX DISCRIMINATION<br>　(3)　RACIAL HARASSMENT<br>　(4)　RACE DISCRIMINATION<br><br><br>**JURY TRIAL DEMANDED** |

-1-

COMPLAINT FOR DAMAGES                                         Case No. 2:24-cv-2295

Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff DECEMBER THOMAS (pronouns: they/them) (hereinafter "Plaintiff" or "December") is, and at all times herein mentioned was, an adult individual residing in Clark County, in the State of Nevada.

2. Plaintiff was formerly employed by Defendant JEWISH FAMILY SERVICE AGENCY, a nonprofit corporation (hereinafter "Defendant" or "JFSA").

3. Plaintiff is informed and believes and thereon alleges that JFSA was at all times relevant herein a corporation doing business in the state of Nevada in Clark County. JFSA is an "employer" as that term is defined under Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000(e), and Nevada Revised Statutes 613.310 et seq.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes and thereon alleges that said Defendants are in some manner legally responsible for the activities and damages alleged herein. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was acting as the partner, agent, servant, and employee of each of the remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

## JURISDICTION

6. This is an action for damages brought by Plaintiff under Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000(e)), Nevada Revised Statutes 613.310 et seq., and for other claims brought pursuant to common law and the Nevada Revised Statutes as outlined below.

7. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. section 1331 (federal question), 29 U.S.C. section 2601 et seq. (federal question), and 28 U.S.C. section 1343(a)(4) (civil rights action). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. section 1367.

8. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. section 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On or about August 22, 2024, Plaintiff initiated the process of filing a Charge of Discrimination against Plaintiff's employer, the Defendant named in this action, with the Equal Employment Opportunity Commission (EEOC).

10. On or about December 4, 2024, Plaintiff received a "Right to Sue" letter from the EEOC.

11. Plaintiff has exhausted administrative remedies by timely filing a complaint with the EEOC and receiving a "Right to Sue" letter.

## GENERAL ALLEGATIONS

12. December began their employment with JFSA on October 22, 2022, as an Assistant Case Manager. They loved their job and received a promotion to Case Manager on April 1, 2024. Unfortunately, December experienced harassment throughout their employment, including severe sexual harassment by Lead Case Manager Virgil Clark.

13. December began working with Mr. Clark in late December 2022 or early January 2023 when JFSA moved to a new location. Initially, Mr. Clark would stare suggestively at December as he would slowly walk by them. His conduct escalated and he began approaching December from behind and hugging them. December told Mr. Clark to stop, but he persisted. The hugs happened in front of Program Director Dennys Galvez, who was December's direct supervisor, on multiple occasions, but she merely told Mr. Clark not to hug December and took no further action.

14. On numerous occasions, Mr. Clark approached December from behind, wrapped his arms around them such that he was just below their breasts, groped them, and pushed his groin into their back. December told Ms. Galvez that Mr. Clark was making them uncomfortable, but Ms. Galvez's only response was to tell December to pull Mr. Clark aside and talk to him about it.

15. On July 19, 2024, December was preparing letters and licking envelopes to seal them. Mr. Clark saw December licking the envelopes and stated suggestively, "you sure in the fuck know what you're doing, don't you?" He then laughed and walked away. December immediately reported this offensive incident to Ms. Galvez, who told them to email her about the incident. December sent the email

to Ms. Galvez on Monday, July 22, 2024. Ms. Galvez responded, "Thank you for letting me know, I know this was very hard for you and I am sorry you had to go through [sic]." She did not indicate that she would take any corrective action against Mr. Clark.

16. The following day, December emailed Director of Emergency Services Renea Parr, reiterating all of the harassment they had experienced and stating that they would be putting in their two weeks' notice as they could no longer work in such a hostile environment with Mr. Clark.

17. Ms. Parr came to speak to December in response to their email and told December that their desk would be moved to sit near Ms. Galvez. On July 24, 2024, December's desk was moved. Later that day, Mr. Clark approached December and yet again tried to hug them, making clear that no action had been taken to protect December from further harassment.

18. On July 25, 2024, December was required to attend a staff meeting with Mr. Clark, but was extremely distressed and had reached a breaking point where they could not continue to work in person with their harasser without JFSA doing anything to address their concerns. They notified JFSA that they were unable to work the rest of their two-week notice period and had to quit immediately. After leaving, December received a phone call from HR Representative Geraldyn Valenzuela asking what happened, and December explained that JFSA did not take any action to protect them and they felt unsafe at work.

19. In addition to the sexual harassment, December also experienced harassment based on their gender identity and race. December is transgender and non-binary. They repeatedly reminded JFSA employees that they use they/them pronouns, but they were nevertheless constantly referred to with feminine pronouns.

20. For example, on one occasion, December was in a meeting with the whole department and there were no male employees present. Ms. Parr referred to the group as "beautiful ladies." December reminded Ms. Parr that they use they/them pronouns, and Ms. Parr responded, "except for December, who can do both." On another occasion, ABC News did a story on JFSA, and Ms. Parr referred to December as "Miss December" throughout the interview, contrary to December's requests.

21. Similarly, Ms. Galvez also made inappropriate comments to December. Ms. Galvez called December a "model," and said they had "great legs." On one occasion, Ms. Galvez wrote December up for wearing shorts that were two inches above their knees. December explained that they are 6'1" and that it was hard to find shorts that were long enough. In response, Ms. Galvez gave December a bag of

clothes to keep, which included dresses, even though December had been clear that they do not wear dresses.

22. December also experienced racial harassment during their employment as an African American employee. On multiple occasions, coworker Diana Lewis used the N-word when talking to December about another person. December complained about Ms. Lewis' use of the racial slur, but Ms. Lewis continued to use the N-word.

23. December was extremely disheartened by JFSA's failure to take any steps to protect them from ongoing harassment. December is experiencing significant emotional distress as a result of the harassment they experienced, and they are seeking treatment from a therapist and psychiatrist. They are also experiencing wage loss and financial concerns, which are only exacerbating their emotional distress.

**FIRST CAUSE OF ACTION**
**SEXUAL HARASSMENT**
**VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.**
**AGAINST ALL DEFENDANTS**

24. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

25. Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

26. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting harassment based on sex. Defendants harassed Plaintiff on the basis of their sex and gender identity.

27. The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of their sex and gender identity.

28. At all relevant times, Defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified and participated in the harassment.

29. Defendants' actions have directly and proximately caused damages to Plaintiff.

30. By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

31. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

32. Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

33. Plaintiff has engaged attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

34. The Defendants' acts were malicious, oppressive or in reckless disregard of Plaintiff's rights with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

**SECOND CAUSE OF ACTION**
**SEX DISCRIMINATION**
**VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.**
**AGAINST ALL DEFENDANTS**

35. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

36. Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

37. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex. Defendants discriminated against Plaintiff on the basis of their sex and gender identity.

38. The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of their sex and gender identity.

39. At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

40. Defendants' actions have directly and proximately caused damages to Plaintiff.

41. By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

42. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

43. Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

44. Plaintiff has engaged attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

45. The Defendants' acts were malicious, oppressive or in reckless disregard of Plaintiff's rights with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

**THIRD CAUSE OF ACTION**
**RACIAL HARASSMENT**
**VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.**
**AGAINST ALL DEFENDANTS**

46. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

47. Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

48. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting harassment based on race. Defendants harassed Plaintiff on the basis of their race.

49. The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of their race.

50. At all relevant times, Defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified and participated in the harassment.

51. Defendants' actions have directly and proximately caused damages to Plaintiff.

52. By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

53. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

54. Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

55. Plaintiff has engaged attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

56. The Defendants' acts were malicious, oppressive or in reckless disregard of Plaintiff's rights with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

**FOURTH CAUSE OF ACTION**
**RACE DISCRIMINATION**
**VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.**
**AGAINST ALL DEFENDANTS**

57. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

58. Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

59. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race. Defendants discriminated against Plaintiff on the basis of their race.

60. The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of their race.

61. At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

62. Defendants' actions have directly and proximately caused damages to Plaintiff.

63. By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

64. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

65. Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

66. Plaintiff has engaged attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

67. The Defendants' acts were malicious, oppressive or in reckless disregard of Plaintiff's rights with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages according to proof, however, no less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof, however, no less than the jurisdictional limit of this court;

3. For exemplary and punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For interest as provided by law;

6. For statutory penalties as provided by law;

7. For costs of suit incurred herein;

8. For injunctive and/or declaratory relief; and

9. For such other and further relief as the Court deems fair and just.

Jury trial demanded.

Dated: December 11, 2024

BAIN MAZZA & DEBSKI LLP

*/s/ Kathryn L. Bain*

―――――――――――――――――――――
Kathryn L. Bain
Attorneys for Plaintiff
December Thomas